# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD RAHEEM PRICE, | CASE NO. 1:06-cv-00812-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, |
| v. | WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST |
| DOES 1-3, et al., | |
| Defendants. | (Doc. 10) |
| _____/ | |

Plaintiff Ahmad Raheem Price ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 26, 2006. On August 10, 2006, plaintiff filed an amended complaint.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and exhaustion must occur prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

In this instance, plaintiff alleges in his amended complaint that exhaustion has occurred in accordance with Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005). (Doc. 10, § B.) Under the Ninth

1  Circuit's decision in Ngo, exhaustion occurred when an inmate's appeal was barred by the appeals

2  coordinator on procedural grounds and "no further level of appeal remained in the state prison's

3  internal appeals process." Id. at 631.  However, on June 22, 2006, the United States Supreme Court

4  reversed the Ninth Circuit's decision in Ngo and held that "proper exhaustion of administrative

5  remedies is necessary" and the exhaustion requirement may not be satisfied "by filing an untimely

6  or otherwise procedurally defective . . . appeal."  Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006).

7  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural

8  rules . . . ."  Id. at 2386.

9      Plaintiff's allegations and exhibits establish that his appeals were screened out.  Prior to the

10  issuance of the decision in Woodford, plaintiff would have been able to proceed in this action.

11  However, pursuant to the Supreme Court's decision in Woodford, plaintiff failed to exhaust the

12  administrative remedies as mandated by section 1997e(a).  "[E]xhaustion is *mandatory* under the

13  PLRA and . . . unexhausted claims *cannot* be brought in court."  Jones v. Bock, Nos. 05-7058, 05-

14  7142, 2007 WL 135890, at *8 (Jan. 22, 2007) (citing Porter, 435 U.S. at 524) (emphasis added).

15  Because is it clear from the face of plaintiff's amended complaint that he did not exhaust prior to

16  filing suit, this action must be dismissed.  42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108,

17  1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal .

18  . . .").

19      Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without

20  prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims

21  prior to filing suit.

22      These Findings and Recommendations will be submitted to the United States District Judge

23  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

24  **days** after being served with these Findings and Recommendations, plaintiff may file written

25  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

26  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

27  ///

28  ///

2

specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

1153 (9th Cir. 1991).


     IT IS SO ORDERED.

**Dated:**   **February 27, 2007**           **/s/ Dennis L. Beck**

3b142a                              UNITED STATES MAGISTRATE JUDGE