# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD RAHEEM PRICE,<br><br>    Plaintiff,<br><br>    v.<br><br>DOES 1-3, et al.,<br><br>    Defendants. | CASE NO. 1:06-cv-00812-AWI-NEW (DLB) PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST<br><br>(Docs. 10 and 22) |

Plaintiff Ahmad Raheem Price ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On February 27, 2007, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objection to the Findings and Recommendations was to be filed within thirty days. Plaintiff filed an Objection on March 26, 2007.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Plaintiff alleges in his amended complaint that exhaustion has occurred in accordance with Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005), a Ninth Circuit decision which held that exhaustion occurred when an inmate's appeal was barred by the appeals coordinator on procedural grounds and "no further level of appeal remained in the state prison's internal appeals process." Id. at 631. (Doc.

1

10, § B.) As the Magistrate Judge correctly stated, the Ngo decision, under which this action would have been allowed to proceed, was reversed by the United States Supreme Court, which held that "proper exhaustion of administrative remedies is necessary" and the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." Id. at 2386.

Plaintiff's allegations and exhibits establish that his appeal was screened out, and under the Supreme Court's decision in Woodford, that constitutes a failure to exhaust the administrative remedies as mandated by section 1997e(a). Plaintiff's objection that the prison makes it a practice to screen out plaintiff's appeals regardless of merit does not alter the fact that plaintiff's appeal was untimely and the prison exercised its discretion to screen it out. Further, plaintiff's objection that he has no other recourse is not a ground upon which the Court may allow this action to proceed. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S.Ct. 910, 918-19 (2007) (citing Porter, 435 U.S. at 524).

Exhaustion is an affirmative defense and plaintiff cannot be required to plead or demonstrate exhaustion in his complaint. Jones, 127 S.Ct. at 921. However, because it is clear from the face of plaintiff's complaint that he did not exhaust the available administrative remedies prior to filing suit, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed February 27, 2007, is adopted in full; and
2. This action is dismissed, without prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims prior to filing suit.

IT IS SO ORDERED.

**Dated:   April 10, 2007**          /s/ Anthony W. Ishii
                                    UNITED STATES DISTRICT JUDGE